## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY HAYMAKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. CIV-06-452-F** |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Billy Haymaker ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act.   This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

### Administrative Proceedings

Plaintiff initiated these proceedings by filing applications seeking disability insurance benefits and supplemental security income payments in October,  2003 [Tr. 50 - 52 and 211 - 215].  He alleged that difficulties with his knee, back, and heart, along with diabetes and high blood pressure became disabling as of April 1, 2003 [Tr. 21 and 50].  Plaintiff's claims were denied initially and upon reconsideration [Tr. 21 - 24, 26 - 28, 217 - 219 and 221 - 222]; an Administrative Law Judge ("ALJ") then conducted an

August, 2005, hearing where Plaintiff, who was represented by Roger Owen,[1] and a vocational expert testified [Tr. 226 - 256].  In his September, 2005, decision the ALJ found – based upon the testimony of the vocational expert that Plaintiff had work skills which were transferrable to semi-skilled work performed at the light exertional level – that Plaintiff was not disabled upon the direct application of the medical-vocational guidelines, or grids, specifically Rule 202.22[2] [Tr. 12 - 16].  The Appeals Council of the Social Security Administration declined Plaintiff's review request [Tr. 4 - 7] and in its denial letter specifically addressed an issue raised by Plaintiff's representative in his letter brief [Tr. 223 - 225],  finding that even if Plaintiff did not have transferrable skills, Rule 202.14[3] would also direct the conclusion that Plaintiff was not disabled  [Tr. 5].  Plaintiff subsequently sought review of the Commissioner's final decision in this court.

## Standard of Review

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Doyal v. Barnhart*,

---

[1]Plaintiff maintains on appeal that he was not represented by counsel at the administrative level and that, consequently, the ALJ had a heightened duty to develop the record.  The record reflects that Plaintiff's representative, Mr. Owen, is a principal with Owen, Parvin & Associates, Inc., an entity holding itself out as "Professional Social Security Disability Representatives."  *See* Letter Brief to the Appeals Council authored by Mr. Owen [Tr. 223 - 225].

[2] See 20 C.F.R. Pt. 404, Subpt. P, Appendix 2. The Medical- Vocational Guidelines – the commonly called "grids" – consist of tables of rules which direct a finding of disabled or not disabled based on a claimant's exertional capability, age, education and work experience. Grid Rule 202.22 directs a finding of "not disabled" for a younger individual with a high school education who retains the capacity for light work and who has transferrable skills.

[3]Grid Rule 202.14 directs a finding of "not disabled" for an individual who is closely approaching advanced age – Plaintiff was in this 50 - 54 year old age group on the date of his alleged onset of disability – with a high school education who retains the capacity for light work.  The existence of transferrable skills is irrelevant to the application of this rule.

331 F.3d 758, 760 (10th Cir. 2003).  Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial.  "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C.§§423(d)(1)(A).   The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  See 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Plaintiff  bears the initial burden of proving that he has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  Where Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *Turner,* 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d

577, 579 (10th Cir. 1984). In this case, the ALJ continued the analysis through the fifth step, concluding that a finding of "not disabled" was directed by application of the grids.

## Reliance on the Grids

Plaintiff's overarching claim of error is that the Commissioner failed to justify conclusive reliance on the grids in light of Plaintiff's significant nonexertional impairments [Doc. No. 16, p. 10]. The proper application of the grids in a case where a claimant maintains, as here, that he has nonexertional limitations which impact his ability to carry out work-related demands is explained by Social Security regulation:

> [A claimant's] impairment(s) and related symptoms, such as pain, may cause limitations of function or restrictions which limit [a claimant's] ability to meet certain demands of jobs. These limitations may be exertional, nonexertional, or a combination of both. Limitations are classified as exertional if they affect [a claimant's] ability to meet the strength demands of jobs. . . . Limitations or restrictions which affect [a claimant's] ability to meet the demands of jobs other than strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling, are considered nonexertional. . . . Some examples of nonexertional limitations or restrictions include the following:
> (i)     You have difficulty functioning because you are nervous, anxious, or depressed;
> (ii)    You have difficulty maintaining attention or concentrating;
> (iii)   You have difficulty understanding or remembering detailed instructions;
> (iv)    You have difficulty in seeing or hearing;
> (v)     You have difficulty tolerating some physical feature(s) of certain work settings, e.g. you cannot tolerate dust or fumes; or
> (vi)    You have difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. . . .
> If your impairment(s) and related symptoms, such as pain, only affect your ability to perform the nonexertional aspects of work-related activities, the rules in appendix 2 do *not* direct factual conclusions of disabled or not disabled.

20 C.F.R. §§ 404.1569a (a) and (c) and 416.969a (a) and (c) (emphasis added).

Thus, in a case where the evidence establishes that a claimant has a nonexertional limitation or restriction which impacts claimant's work-related activities, conclusive application of the grids is not appropriate. *See Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993) ("[A]n ALJ may not rely conclusively on the grids unless he finds (1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level"). Here, Plaintiff maintains that the ALJ's conclusive reliance on the grids was erroneous because Plaintiff suffers from pain, a nonexertional impairment, and because the ALJ specifically found that Plaintiff had mild to mildly moderate difficulties in maintaining concentration – a limitation specifically listed as an example of a nonexertional limitation or restriction in the relevant Social Security regulation. *See* 20 C.F.R. §§ 404.1569a (c) (ii) and 416.969a (c) (ii).

With respect to Plaintiff's allegations of pain, the ALJ noted that Plaintiff contended that he was "disabled, secondary to pain and stiffness in his right knee requiring surgery[.]" [Tr. 12]. The ALJ's review of the medical evidence revealed that Plaintiff suffered a traumatic injury to his right knee in 2002, with an MRI confirming a torn meniscus. *Id.* Upon discharge from physical therapy, Plaintiff's "right knee was exhibiting normal range of motion, normal gait, and good strength and endurance." *Id.* The ALJ observed that at a subsequent consultative examination, Plaintiff complained about arthritic knee pain but advised that the pain was "relieved by the over-the-counter medication, Aleve, and by hot baths." [Tr. 13]. The ALJ also observed that while Plaintiff was wearing a brace on his right knee at the examination, his range of motion was normal

and his gait and station were normal. *Id.* The consultative examiner diagnosed Plaintiff with right knee pain, hypertension and a history of tobacco abuse. *Id.*

In evaluating Plaintiff's subjective allegations of disabling knee pain, the ALJ found that Plaintiff's knee had responded well to arthroscopic surgery and to the physical therapy which followed, "demonstrating good range of motion, strength, and endurance of his knee." *Id.* He further found that there had been no showing that Plaintiff had required any more treatments, invasive or conservative [Tr. 14]. Plaintiff took only over-the-counter medications and "[p]hysical examination did not show him to exhibit signs of *considerable* pain or restrictive motion of his right knee[.]" *Id.* (emphasis added).

With respect to Plaintiff's allegations of mental limitations, the ALJ noted that Plaintiff complained during his consultative examination that he suffered some depression following his knee injury in 2002. *Id.* The ALJ wrote that, "Based on the medical evidence, the undersigned is convinced that the claimant suffers mild restrictions of activities [of] daily living; mild difficulties in maintaining social functions; [and] *mild to mildly moderate difficulties in maintaining concentration, persistence, and pace*[.]" *Id.* (emphasis added).

The ALJ concluded the Plaintiff was severely impaired, in part, by residuals of "traumatic arthritis of his right knee corrected by arthroscopic surgery" and also suffered from "non-severe mental impairments involving mild depression by history." [Tr. 15]. Without performing the requisite function-by-function assessment of Plaintiff's ability to perform work-related activities, *see* Social Security Ruling 96-8p, 1996 WL 374184, at *1, and without citing to any evidence upon which he based his finding, the ALJ

determined, simply, that "for no period of 12 continuous months has the claimant been precluded from performing skilled work at the light exertional level." [Tr. 14].[4]  He then determined that Plaintiff was closely approaching advanced age, had graduated from high school, had transferrable skills at the light exertional level and applied Grid Rule 202.22 – a rule applicable only to younger individuals – to determine that Plaintiff was not disabled [Tr. 15].   The Appeals Council subsequently denied review of the decision, noting that Grid Rule 202.14 – applicable to a claimant closely approaching advanced age – was applicable [Tr. 5].

In connection with Plaintiff's claim that the ALJ failed to consider his nonexertional pain limitation, even if substantial evidence supports the ALJ's determination that Plaintiff's claim of *disabling* pain lacks credibility, "[t]he [Commissioner] must demonstrate that sufficient jobs exist in the national economy that the claimant may perform *given the level of pain he suffers*." *Hargis v. Sullivan*, 945 F.2d 1482, 1490 (10th Cir. 1991) (emphasis added).   "Pain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant." *Thompson*, 937 F.2d at 1490 - 1491. As in *Thompson*, however, the ALJ ignored Plaintiff's right knee pain throughout the remaining analysis despite the fact that Plaintiff had been specifically

---

[4]It is worth noting that the only evidence in the record upon which the ALJ could have relied in making his assessment that Plaintiff could perform work at the light exertional level is the check-box Residual Physical Functional Capacity Assessment form prepared by a non-examining State Agency physician [Tr. 191 - 197].   This physician, however, assessed postural limitations, finding that Plaintiff could only occasionally climb, balance, stoop, kneel, crouch or crawl [Tr. 193].   Thus, the only evidence of record pertaining to Plaintiff's functional abilities does not support the ALJ's determination that Plaintiff could perform a full range of light work.   Moreover, by Social Security regulation, difficulty in stooping, climbing, crawling, or crouching is another example of a nonexertional limitation or restriction which would preclude direct application of the grids. *See* 20 C.F.R. §§ 404.1569a (c) (vi) and 416.969a (c) (vi).

diagnosed by the consultative examiner with right knee pain [Tr. 171], pain that the ALJ did not entirely dismiss in his credibility determination but termed to be not "considerable" on physical examination [Tr. 14].  Moreover, as Plaintiff argues, the ALJ failed to address the treatment note generated by John Harris, D.O. – a physician who treated Plaintiff in 2002 at the time of his knee injury [Tr. 107 - 116 and 205 - 210] – when he saw Plaintiff for a checkup prior to his disability hearing [Tr. 93].   Dr. Harris reported that Plaintiff suffered, in part, from increasing arthritic pain, *id.,* evidence directly bearing on a nonexertional pain limitation.  *Id.* Dr. Harris assessed Plaintiff's prospects for improvement as "very doubtful."  *Id.   See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must always consider and address medical source opinions [and] [i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

With respect to the ALJ's findings in connection with Plaintiff's non-severe mental impairment, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at *5.  Here, the ALJ determined that Plaintiff "has non-severe mental impairments involving mild depression by history" [Tr. 15] and specifically found that Plaintiff suffered from several restrictions including "mild to mildly moderate difficulties in maintaining concentration, persistence, and pace." [Tr. 14].  Difficulty in maintaining concentration is exemplified by Social Security regulation as a nonexertional restriction of limitation, *see* 20 C.F.R. §§ 404.1569a (c) (ii) and 416.969a (c) (ii), and the ALJ erred by conclusively applying the grids to direct a finding with respect to disability.  *See also*

*Hargis*, 945 F.2d at 1490 ("[R]esort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain and mental impairments.").

<u>RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT</u>

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by February 18, 2007, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).   This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 29th day of January, 2007.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE