**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BILLY HAYMAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-06-0452-F |
| | ) |
| MICHAEL J. ASTRUE[1] | ) |
| Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On January 29, 2007, United States Magistrate Judge Bana Roberts issued a Report and Recommendation, wherein she recommended that the final decision of the Commissioner denying plaintiff's applications for disability insurance benefits and supplemental security income payments be reversed and remanded for further proceedings. Magistrate Judge Roberts advised the parties of their right to object to the Report and Recommendation by February 18, 2007. To date, only plaintiff has filed an objection.

In the Report and Recommendation, Magistrate Judge Roberts concluded that the administrative law judge (ALJ) erred in conclusively applying the Medical-Vocational Guidelines (the grids) to direct a finding that plaintiff was not disabled. Magistrate Judge Roberts found the ALJ's conclusive application of the grids was not

---

[1] Effective February 1, 2007, Michael J. Astrue became Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as defendant in this suit.

appropriate in light of evidence in the record establishing that plaintiff had non-exertional limitations of pain and mild to mildly moderate difficulties in maintaining concentration, which the ALJ did not consider or determine to be insignificant. Plaintiff does not object to Magistrate Judge Roberts' Report and Recommendation that the case be reversed and remanded because the ALJ's reliance on the grids was improper. Plaintiff objects to the Report and Recommendation on the basis that it did not address his argument of the ALJ's need to further develop the record with regard to his cardiac impairment. According to plaintiff, Magistrate Judge Roberts only discussed the non-exertional limitations related to his knee impairment and mental impairment. As development of the record in regard to the cardiac impairment resulting in chest pain may prove important on remand, plaintiff requests the court to review the issue *de novo* and direct the ALJ to develop the record regarding his cardiac impairment, including ordering a consultative cardiac examination.

Because neither party has objected to Magistrate Judge Roberts' Report and Recommendation to the extent it recommends that the Commissioner's final decision denying benefits be reversed because the ALJ erred in conclusively relying on the grids to reach the ultimate conclusion that plaintiff was not disabled and to remand the case for further proceedings, the court accepts, adopts and affirms the Report and Recommendation on such basis.

Turning to plaintiff's specific objection, it does appear that the Report and Recommendation has not addressed plaintiff's argument concerning the need to develop the record regarding the cardiac impairment. Rather than recommitting the matter to Magistrate Judge Roberts for consideration and recommendation, the court shall address the matter. It is well-established that the ALJ has a duty "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation and

quotation omitted). The duty is particularly acute where the claimant is unrepresented at the hearing or is represented by a non-attorney. Miracle v. Barnhart, 187 Fed. Appx. 870, 874 (10th Cir. 2006).[2] In the instant case, plaintiff was represented by a non-attorney, as noted by Magistrate Judge Roberts in her Report and Recommendation.

In deciding whether the ALJ should have ordered a consultative examination, "the starting place must be the presence of some objective evidence in the record suggesting that the existence of a condition which could have a material impact on the disability decision requiring further investigation." Hawkins, 113 F.3d at 1167. The court concurs with plaintiff that there is sufficient objective medical evidence in the record suggesting the existence of a cardiac impairment which could have a material impact on the disability decision requiring further investigation. The court concludes that the ALJ had a duty to develop the record, including ordering a consultative cardiac examination, as directed in Hawkins. The court concludes that substantial evidence does not support the ALJ's conclusion that plaintiff does not have a cardiac impairment capable of causing chest pain of which plaintiff complained. The court concludes that the Commissioner's conclusive reliance on the grids was improper, that the final decision should be reversed and the matter should also be remanded for further development of the record in regard to the cardiac impairment.

Based upon the foregoing, the Report and Recommendation of Magistrate Judge Bana Roberts is **ACCEPTED**, **ADOPTED** and **AFFIRMED** to the extent stated. The Commissioner's final decision denying plaintiff's applications for disability insurance benefits and supplemental security income payments is **REVERSED**, and this matter is **REMANDED** to the Commissioner for further

---

[2]The unpublished opinion is cited as persuasive pursuant to 10th Cir. R. 36.3.(B)(1).

administrative proceedings pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in accordance with the Report and Recommendation and this court's order.

DATED February 27, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0452p002.wpd