**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BILLY HAYMAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-06-0452-F |
| ) | |
| MICHAEL J. ASTRUE ) | |
| Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On May 29, 2007, plaintiff filed an Application for Attorney's Fees Under the Equal Access to Justice Act and for Direct Payment to Attorneys Under Assignment Provisions of the Fee Agreement. In the application, plaintiff requested an award of attorney's fees in the amount of $3,768.00 and requested that this amount be paid directly to his attorneys in accordance with the terms of the fee contract. Defendant did not object to the application within the time prescribed by LCvR 7.2(g). In an order dated June 19, 2007, the court, in its discretion, deemed the application confessed. The court awarded the attorney's fees requested by plaintiff and directed, as requested by plaintiff, that the attorney's fees be made payable directly to his attorneys.

On June 22, 2007, defendant filed a Motion to Reconsider, pursuant to Fed. R. Civ. P. 59(e), requesting the court to reconsider its order to the extent it directs payment of the attorney's fees to plaintiff's attorneys. Defendant argues that the court's order directing the payment of the award of EAJA attorney's fees to plaintiff's attorneys constitutes a clear error of law based upon the plain language and legislative

history of the Equal Access to Justice Act ("EAJA").[1] Plaintiff, in response, argues that while the right to apply for an EAJA fee belonged to plaintiff as the prevailing party, and not to his counsel, once the EAJA fee was awarded by the court, it became, by operation of statutory provisions and under the fee contract, an asset of his counsel, for which reason the court appropriately directed that the fee to be paid directly to counsel. Plaintiff contends that this result prevents the government from seizing the fee to pay for other debts of plaintiff or from taxing it as income to plaintiff. Plaintiff asserts that if the court concludes otherwise and orders the fee payable to the client, the court should direct it be sent to plaintiff in care of his attorneys.

The purpose of a Rule 59(e) "is to correct manifest errors of law or to present newly discovered." Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992) (quotations omitted). The court is not convinced that its order is in error.

The EAJA, as previously quoted in this order, provides that "a court shall award to a prevailing party" fees and other expenses. Relying on this statutory language, defendant insists that the fee which has unquestionably been earned by the attorneys (a fee which is subject to shifting because of the uncontested fact that the defendant's position in this case was not substantially justified, 28 U.S.C. § 2412(d)) must only be paid to the party and not to the attorneys who earned the fee. The Sixth Circuit, in

---

[1] The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . ., incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

2

King v. Commissioner of Social Sec., 2007 WL 930275 (6th Cir. March 28, 2007), addressed this same statutory language and concluded that "[t]he district court's failure to recognize from appellant's Motion to Amend or Alter that the authority cited in [it's] order does not support the denial of fees requested by a party and *payable to the party's attorney* was a 'clear error of judgment.'" *Id*. at \*6 (emphasis added). In its decision, the court stated:

> The Court of Appeals for the Federal Circuit clearly explained the relevance of the words "award to a prevailing party" in Phillips v. General Services Administration, 924 F.2d 1577 (Fed.Cir.1991). The court held that under the statute, "any fee award is made to the 'prevailing party,' not the attorney. Thus, [the] attorney could not directly claim or be entitled to the award. It had to be requested *on behalf of the party*." *Id*. at 1582 (emphasis added).
>
> However, a party cannot request an award of attorney's fees unless he is required to pay those fees to his attorney. As the *Phillips* court explained,
>
> [T]o be "incurred" within the meaning of a fee shifting statute, *there must also be an express or implied agreement that the fee award will be paid over to the legal representative*. The statute does not contemplate that a fee award may be made to a party to be retained. Thus, we have held in an analogous situation that a party acting *pro se* is not entitled to an attorney fee award.
>
> *Id*. at 1583 (emphasis added). Thus, . . . an attorney cannot bring an independent action for attorney's fees. However, attorney's fees awarded under the EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep.

*Id*. at \*4.

In McKee v. Astrue, Case No. CIV-05-359-RAW, Order (doc. no. 21) (E.D. Okla. June 13, 2007), Judge Ronald White agreed with the Sixth Circuit's statement that "'attorney's fees awarded under the EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep.'" *Id*. at

3

3. Judge White, in his case, concluded that the EAJA fee award should be made payable to plaintiff's counsel.  The court concurs that the EAJA fees, although awarded to plaintiff, may be made payable to plaintiff's attorneys.

The court recognizes that judges in this district have recently ruled that the plain language of the EAJA requires the payment of EAJA fee awards to plaintiff rather than to counsel.  Haggard v. Astrue, Case No. CIV-06-781-T, Order (doc. no. 31) (W.D. Okla. June 28, 2007); Brown v. Astrue, Case No. CIV-06-794-M, Order (doc. no. 29) (W.D. Okla. June 22, 2007).  In so doing, the judges have also relied upon the Tenth Circuit's decision in McGraw v. Barnhart, 450 F.3d 493 (10th Cir. 2006), to support their rulings.  Specifically, they refer to the Tenth Circuit's statements in McGraw that the EAJA " award is to the claimant."  However, nothing in McGraw addresses the factual situation now before the court, as Judge White's analysis in McKee aptly points out.  The court therefore concludes that McGraw does not preclude the court from directing payment of the EAJA fee to plaintiff's counsel.

In Barnes v. Alexander, 232 U.S. 117,  121 (1914), an attorney promised two other attorneys "one-third of the contingent fee" he expected in a case.  In upholding the two attorneys' equitable claim to this portion of the fee, Justice Holmes recited "the familiar rul[e] of equity that a contract to convey a specific object even before it is acquired will make the contractor a trustee as soon as he gets title to the thing." *Id*. at 121.  On the basis of this rule, he found that the attorney's undertaking "create[d] a lien" upon the portion of the recovery due him from the client, *id*., which the other attorneys could "follow . . . . into the hands" of the attorney "as soon as [the fund] was identified," *id*. at 123.  The principles in Barnes were recently applied by the Court in Sereboff v. Mid Atlantic Medical Services, Inc., 126 S.Ct. 1869 (2006), wherein the Court found that a fiduciary of a health insurance plan "could rely on a 'familiar rul[e] of equity' to collect for the medical bills it had paid on the [beneficiaries'] behalf"

4

from the proceeds of the beneficiaries' settlement with third party tortfeasors. *Id*. at 1875.

Even if the court agreed with defendant's legal position, that would not be the end of the matter. In this connection, one cannot but wonder why the defendant so ardently seeks enforcement of what he perceives to be the letter of the law in a matter in which the *legitimate* interests of the defendant would appear to be nil. An explanation that is at least as plausible as any other is that defendant is attracted to the possibility that the already substantial economic challenges inherent in providing effective legal representation to Social Security claimants might be incrementally increased by the injection of an unwelcome and easily avoidable element of economic risk into the attorney-client relationship. No plausible policy-based (or otherwise benign) reason for the defendant's insistence on the result he seeks here has been offered in his motion to reconsider. Moreover, the defendant's position, even if correct, would not require the court to disregard the substance of the matter – especially when appropriate regard for the substance of the matter would advance important policies embedded in the Social Security Act.

For these reasons, the court notes that, to his credit, the defendant has not been so bold as to suggest that the plaintiff, even if he were required to be the *legal* payee of the defendant's check, would be *equitably* entitled to keep the fee from the attorneys. "Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises." Restatement of Restitution § 160 (1937). If, as a purely legal matter, the defendant were to establish that the fee must be paid to the client and not to the attorney, the court (after giving the defendant an opportunity to demonstrate, as a factual matter, that the plaintiff, and not his counsel, is the beneficial owner of the fee award) would, in accordance with the substance of the matter, order the defendant to make the fee remittance payable to "Billy

5

Haymaker, as trustee for Darren Rackley and Gayle Troutman," and to cause the check to be delivered to the attorneys at their address of record in this case. This court is of the opinion that any other resolution of this issue would ill-serve the interests of the future Billy Haymakers who will find themselves opposing meritless arguments advanced by the defendant, and would not serve any *legitimate* interest of the defendant.

In his response, plaintiff, citing Commissioner v. Jean, 496 U.S. 154 (1990), requests an award of attorney's fees expended in opposing defendant's Rule 59(e) motion. Although plaintiff's counsel expended more than 8 hours preparing plaintiff's response in opposition to defendant's motion, plaintiff seeks compensation for only 3 hours expended on the matter, which at $162 an hour, results in an additional $486.00 in attorney's fees.

The court concludes that plaintiff should be compensated for the time expended in opposing the motion. The court concludes that the request of $486.00 is reasonable.

Accordingly, Defendant's Motion to Reconsider, filed June 22, 2007 (doc. no. 27), is **DENIED**. The court **ORDERS** that plaintiff is awarded additional attorney's fees in the amount of $486.00. The total sum of $4,245.00 in attorney's fees shall be made payable to Darren Rackley and Gayle Troutman and sent to them at their address of record in this case.

DATED August 7, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0452p007(pub).wpd